Jennifer Laser (State Bar No. 192700)
jlaser@bollaw.com
Stephen Z. Boren (State Bar No. 192024)
sboren@bollaw.com
Jeremy J. Osher (State Bar No. 192109)
josher @bollaw.com
**BOREN, OSHER & LUFTMAN, LLP**
5900 Wilshire Boulevard, Suite 920
Los Angeles, California  90036
Telephone:  (323) 937-9900
Facsimile:   (323) 937-9910

Attorneys for Plaintiff,
iCONSTITUENT, LLC

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iCONSTITUENT, LLC, a California limited liability company, )<br><br>            Plaintiff, )<br><br>vs. )<br><br>JEREMY JADCZAK an individual; and DOES 1 through 50, Inclusive, )<br><br>            Defendants. )<br><br>_____ | Case No**.:  CV11-2337-VBF (PJWx)**<br><br>**ORDER OF DISMISSAL PURSUANT TO FRCP 41(a)(1)** |

1    The Parties, by and through their attorneys of record, have stipulated that
2  this Action shall be dismissed pursuant to the following terms of the Settlement
3  Agreement ("Agreement") between the Parties, with this Court retaining
4  jurisdiction over the Parties to enforce these terms for as long as the Agreement
5  remains in effect:

6    1.    **Settlement Terms, Stipulation for Entry of Judgment, and**
7  **Payments**:

8        a. Mr. Jadczak has promised and agreed that, commencing on May 1,
9        2011, and ending on October 1, 2012, he would make monthly settlement
10       payments in the amount of $1,400 each for a period of 17 months, and, in
11       the 18th month a final payment in amount of $1,200 for a total of
12       $25,000; at his election he may make payments at an accelerated rate.
13       Each payment will be made by check payable to "iConstituent, LLC" and
14       delivered to iConstituent's Los Angeles office at 2800 28th Street, Suite
15       385, Santa Monica, CA 90405.  Each payment is due on the first of the
16       month and by "due," it is understood that payment is to be in
17       iConstituent's possession by each due date.  If a due date falls on a
18       Saturday, Sunday or holiday, the due date shall be extended to the next
19       business day.  Mr. Jadczak bears sole responsibility for ensuring that each
20       payment is received on a timely basis.  In the event that Mr. Jadczak pays
21       iConstituent the full $25,000.00 settlement amount set forth in this
22       Agreement prior to the 18th month,  section 2 of this Agreement shall
23       expire and shall no longer be binding upon payment in full; however, the
24       rest of the Agreement, including section 3 thereof, shall not expire prior to
25       April 10, 2012.
26       b. Mr. Jadczak has executed a Stipulation for Entry of Judgment in favor
27       of iConstituent, for the total sum of Forty Thousand Dollars ($40,000.00).
28       Mr. Jadczak caused his counsel to deliver the original signed Stipulation

**ORDER OF DISMISSAL**

for Entry of Judgment to counsel for iConstituent, Ms. Jennifer Laser of Boren, Osher & Luftman LLP. Ms. Laser will hold the Stipulation for Entry of Judgment in trust and will not file it with the Court or request entry of Judgment thereon, provided Mr. Jadczak is not in "Default," as that term is defined in paragraph 2.e. of the Agreement, of the payment plan provided in paragraph 2.a. of the Agreement. Upon full compliance with this Agreement, iConstituent shall cause its counsel to return the original Stipulation to Linda Thatcher, of the Thatcher Law Firm LLC.

c. The Parties have acknowledged that the payment of $25,000.00 is a discount on the settlement amount and agreed to not challenge the amount of the stipulated judgment in amount of $40,000.00 in the event Mr. Jadczak is in Default of this Agreement.

d. Mr. Jadczak has stipulated and agreed that this Court has personal jurisdiction over Mr. Jadczak for purposes of enforcing the terms of this Agreement and any dispute that may arise from this Agreement.

e. If Mr. Jadczak fails to make any monthly settlement payment when due, iConstituent shall provide to Mr. Jadczak, in writing, a Notice to Cure and shall afford Mr. Jadczak five (5) business days to cure such default. The Parties have agreed that said Notice to Cure may be sent to Mr. Jadczak by overnight mail or by e-mail. Should Mr. Jadczak fail to cure such failure, by ensuring iConstituent's receipt of the outstanding payment within five (5) business days of iConstituent's Notice to Cure, Mr. Jadczak shall be deemed in "Default," and iConstituent shall thereafter be entitled to request entry of Judgment pursuant to the Stipulation for Entry of Judgment (minus credits for payments made).

2. **Agreement Not to Solicit iConstituent's Employees or Vendors**: Mr. Jadczak has agreed that, for a period of twelve (12) months, he would not, directly or indirectly, solicit any of iConstituent's current employees or

**ORDER OF DISMISSAL**

1   iConstituent's current and known vendors for his benefit or for the benefit of any

2   other person or entity.

3

4        **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil

5   Procedure 41(a)(1), this action be dismissed in accordance with the stipulation of

6   the Parties and the terms of the Settlement Agreement described above.  This Court

7   shall retain jurisdiction over the parties to enforce the terms of this Settlement

8   Agreement for so long as the Agreement remains in effect.

9

10  DATED:  _April 11, 2011_

11                                                    _____

12                                                    HONORABLE VALERIE BAKER FAIRBANK
                                                      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER OF DISMISSAL**